CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Prathima Price, Esq., SBN 321378
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson** | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |
| **Burdette Investments LLC**, a California Limited Liability Company | |
| Defendant. | |

Plaintiff Scott Johnson complains of Burdette Investments LLC, a California; and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

2.  Defendant Burdette Investments LLC owned the real property located at or about 1661 Burdette Dr, San Jose, California, upon which "Burdette Medical Center" operates, in July 2020 and August 2020.

1

Complaint

1
2
3
3.   Defendant Burdette Investments LLC owns the real property located at or about 1661 Burdette Dr, San Jose, California, upon which "Burdette Medical Center" operates, currently.

4
5
6
7
8
9
10
11
12
4.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants are ascertained.

13

14   **JURISDICTION & VENUE:**

15
16
17
5.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

18
19
20
21
6.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

22
23
24
7.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

25

26   **FACTUAL ALLEGATIONS:**

27
28
8.   Plaintiff went to Burdette Medical Center ("Medical Center") in July 2020 and August 2020 with the intention to avail himself of its services

2

Complaint

1  motivated in part to determine if the defendants comply with the disability

2  access laws.

3     9.  The Medical Center is a facility open to the public, a place of public

4  accommodation, and a business establishment.

5     10. Unfortunately, on the dates of the plaintiff's visits, the defendants failed

6  to provide wheelchair accessible parking in conformance with the ADA

7  Standards as it relates to wheelchair users like the plaintiff.

8     11. The Medical Center provides parking to its customers but fails to

9  provide wheelchair accessible parking.

10    12. One problem that plaintiff encountered is that there were no access

11  aisles that accompanied the ADA parking stalls.

12    13. Plaintiff believes that there are other features of the parking that likely

13  fail to comply with the ADA Standards and seeks to have fully compliant

14  parking available for wheelchair users.

15    14. On information and belief the defendants currently fail to provide

16  wheelchair accessible parking.

17    15. Additionally, on the dates of the plaintiff's visits, the defendants failed

18  to provide wheelchair accessible paths of travel in conformance with the ADA

19  Standards as it relates to wheelchair users like the plaintiff.

20    16. The Medical Center provides paths of travel to its customers but fails to

21  provide wheelchair accessible paths of travel.

22    17. A few problems that plaintiff encountered is that the ramp that runs up

23  to the Medical Center offices entrance did not have a level landing. What is

24  more, the ramp had a slope that was too steep for plaintiff. Finally, there were

25  unramped steps at the entrances of the Medical Center offices.

26    18. Plaintiff believes that there are other features of the paths of travel that

27  likely fail to comply with the ADA Standards and seeks to have fully compliant

28  paths of travel available for wheelchair users.

Complaint

19. On information and belief the defendants currently fail to provide wheelchair accessible paths of travel.

20. Moreover, on the dates of the plaintiff's visits, the defendants failed to provide wheelchair accessible door hardware in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

21. The Medical Center provides door hardware to its customers but fails to provide wheelchair accessible door hardware.

22. A problem that plaintiff encountered is that many of the offices at the Medical Center had traditional round knob handles that required tight grasping or twisting of the wrist to operate.

23. Plaintiff believes that there are other features of the door hardware that likely fail to comply with the ADA Standards and seeks to have fully compliant door hardware available for wheelchair users.

24. On information and belief the defendants currently fail to provide wheelchair accessible door hardware.

25. These barriers relate to and impact the plaintiff's disability. Plaintiff personally encountered these barriers.

26. As a wheelchair user, the plaintiff benefits from and is entitled to use wheelchair accessible facilities. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

27. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

28. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

29. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact,

Complaint

1    these barriers are readily achievable to remove. Moreover, there are numerous

2    alternative accommodations that could be made to provide a greater level of

3    access if complete removal were not achievable.

4        30. Plaintiff will return to the Medical Center to avail himself of its services

5    and to determine compliance with the disability access laws once it is

6    represented to him that the Medical Center and its facilities are accessible.

7    Plaintiff is currently deterred from doing so because of his knowledge of the

8    existing barriers and his uncertainty about the existence of yet other barriers

9    on the site. If the barriers are not removed, the plaintiff will face unlawful and

10   discriminatory barriers again.

11       31. Given the obvious and blatant nature of the barriers and violations

12   alleged herein, the plaintiff alleges, on information and belief, that there are

13   other violations and barriers on the site that relate to his disability. Plaintiff will

14   amend the complaint, to provide proper notice regarding the scope of this

15   lawsuit, once he conducts a site inspection. However, please be on notice that

16   the plaintiff seeks to have all barriers related to his disability remedied. See

17   *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

18   encounters one barrier at a site, he can sue to have all barriers that relate to his

19   disability removed regardless of whether he personally encountered them).

20

21   **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

22   **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

23   Defendants.) (42 U.S.C. section 12101, et seq.)

24       32. Plaintiff re-pleads and incorporates by reference, as if fully set forth

25   again herein, the allegations contained in all prior paragraphs of this

26   complaint.

27       33. Under the ADA, it is an act of discrimination to fail to ensure that the

28   privileges, advantages, accommodations, facilities, goods and services of any

Complaint

place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

34. When a business provides parking for its customers, it must provide accessible parking.

35. Here, accessible parking has not been provided in conformance with the ADA Standards.

36. When a business provides paths of travel, it must provide accessible paths of travel.

37. Here, accessible paths of travel have not been provided in conformance with the ADA Standards.

6

Complaint

1   38. When a business provides facilities such as door hardware, it must
2   provide accessible door hardware.
3   39. Here, accessible door hardware has not been provided in conformance
4   with the ADA Standards.
5   40. The Safe Harbor provisions of the 2010 Standards are not applicable
6   here because the conditions challenged in this lawsuit do not comply with the
7   1991 Standards.
8   41. A public accommodation must maintain in operable working condition
9   those features of its facilities and equipment that are required to be readily
10   accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).
11   42. Here, the failure to ensure that the accessible facilities were available
12   and ready to be used by the plaintiff is a violation of the law.
13
14   **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**
15   **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.
16   Code § 51-53.)
17   43. Plaintiff repleads and incorporates by reference, as if fully set forth
18   again herein, the allegations contained in all prior paragraphs of this
19   complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,
20   that persons with disabilities are entitled to full and equal accommodations,
21   advantages, facilities, privileges, or services in all business establishment of
22   every kind whatsoever within the jurisdiction of the State of California.  Cal.
23   Civ. Code §51(b).
24   44. The Unruh Act provides that a violation of the ADA is a violation of the
25   Unruh Act.  Cal. Civ. Code, § 51(f).
26   45. Defendants' acts and omissions, as herein alleged, have violated the
27   Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's
28   rights to full and equal use of the accommodations, advantages, facilities,

7

Complaint

1   privileges, or services offered.

2   46. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

3   discomfort or embarrassment for the plaintiff, the defendants are also each

4   responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

5   (c).)

6   47. Although the plaintiff encountered frustration and difficulty by facing

7   discriminatory barriers, even manifesting itself with minor and fleeting

8   physical symptoms, the plaintiff does not value this very modest physical

9   personal injury greater than the amount of the statutory damages.

10

11      **PRAYER**:

12      Wherefore, Plaintiff prays that this Court award damages and provide

13   relief as follows:

14      1. For injunctive relief, compelling Defendants to comply with the

15   Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

16   plaintiff is not invoking section 55 of the California Civil Code and is not

17   seeking injunctive relief under the Disabled Persons Act at all.

18      2. Damages under the Unruh Civil Rights Act, which provides for actual

19   damages and a statutory minimum of $4,000 for each offense.

20      3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

21   to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

22

23   Dated: January 28, 2021          CENTER FOR DISABILITY ACCESS

24

25

26

27                                    By: _____

                                      Amanda Seabock, Esq.
28                                    Attorney for plaintiff

8

Complaint